a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD GOFORTH,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-1149-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Edward Goforth ("Goforth") (#17952-040). Goforth is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Goforth challenges the legality of his conviction and sentence.

Because Goforth cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I.  Background

Goforth was convicted of one count of one count of robbery of a commercial establishment, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (1:14-cr-007, W.D. Mich.; Doc. 28). He was sentenced to a total of 117 months of imprisonment. Id. Goforth did not appeal or file a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 1).

In his § 2241 motion before this Court, Goforth argues that he is entitled to relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018), which found that 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Goforth concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c) is also unconstitutional. (Doc. 1, p. 7).

## II. Law and Analysis

### A. Goforth cannot meet the requirements of the savings clause.

Goforth seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Goforth argues that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "force clause." The second clause, § 924(c)(3)(B), is referred to as the "residual clause."

First, the Fifth Circuit has held that the definition of "crime of violence" under § 924(c) is not unconstitutionally vague. See United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017). Second, the Fifth Circuit has held that, even after Dimaya, "Section 924(c)(3)(B) remains valid." United States v. Williams, 897 F.3d 660 (5th Cir. 2018) (if § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute).

Moreover, even if the residual clause of § 924(c)(3)(B) was found unconstitutional, several cases in this circuit have found that robbery under § 1951 qualifies as a crime of violence under the force clause, not the residual clause of § 924(c)(3). See Bonner v. United States, No. 3:16-cv-2068, 2017 WL 4803904 (N.D. Tex. Sept. 27, 2017) (Dimaya would offer no relief from a § 924(c) conviction predicated on a Hobbs Act robbery (§ 1951)), report and recommendation adopted 2017 WL 4778709 (N.D. Tex. Oct. 23, 2017); Cleveland v. United States, 3:13-cr-479, 2018 WL 1740093, at *2 (N.D. Tex. Apr. 11, 2018) (robbery under § 1951 fits § 924(c)'s force clause, not its residual clause); United States v. Reed, 187 F. Supp. 3d 743, 748 (W.D. La. 2016) (Hobbs Act robbery falls within the force clause). Thus, even if Goforth could show that § 924(c)(3)(B) was unconstitutionally vague, he cannot show that he was sentenced under that residual clause, as opposed to the force clause of § 924(c)(3)(A).

Regardless, Dimaya does not establish that Goforth may have been convicted of a nonexistent offense, so Goforth cannot meet the requirements of the savings clause.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Goforth's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Goforth's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

4

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of November, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge